```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE

IN RE:                               : Chapter 11
                                     :
GLOBAL HOME PRODUCTS LLC, et al.,    : Case No. 06-10340-KG
                                     :
       Debtors.                      :
                                     :
_____:_____
                                     :
REGAL WARE, INC.,                    :
                                     :
       Appellant,                    :
                                     :
   v.                                : Civil Action No. 06-508-UNA
                                     :
GLOBAL HOME PRODUCTS, LLC, et al.,   :
                                     :
       Appellees.                    :
```

### MEMORANDUM ORDER

Presently before the Court is the Emergency Motion Of Regal Ware, Inc. For Stay Pending Appeal Of Order Approving Motion Of The Debtors For An Order (1) Approving Sale By The WearEver Debtors Of Substantially All Of The WearEver Debtors Operating Assets Free And Clear Of All Liens, Claims, Encumbrances And Other Interests Pursuant To Sections 363(b), (f), and (m) Of The Bankruptcy Code, (II) Assuming And Assigning Certain Executory Contracts And Unexpired Leases, And (III) Granting Related Relief (D.I. 1) (the "Stay Motion") and the related Motion For Emergency Hearing (D.I. 4). By the Stay Motion, Regal Ware, Inc. ("Regal Ware") requests the Court to stay on an ex parte basis the provision of the Sale Order approved by the Bankruptcy Court which allows for the assignment and transfer of the Trademark Sublicense Agreement to SEB S.A. and Groupe SEB USA ("SEB"), the

purchasers of certain assets of the Debtors.

The Debtors and SEB have filed separate oppositions (D.I. 6, 7) to Regal Ware's Motion contending that a stay pending appeal is not warranted. Their position has been joined by the Debtors' Official Committee of Unsecured Creditors (D.I. 12) and Wachovia Bank, National Association, in its capacity as agent for itself and certain post-petition lenders of the Debtors (D.I. 8). Shortly after the filing of the Debtor's Opposition, the Debtors filed a Supplemental Opposition (D.I. 13) indicating that the Debtors completed the closing of the sale of the WearEver assets to SEB, including the assumption and assignment of the Trademark Sublicense Agreement to SEB.

As a result of the closing of the sale, it appears to the Court that Regal Ware's Motions are now moot. However, even if the Motions were not moot, the Court concludes that a stay of this matter is not warranted. To demonstrate that a stay pending appeal is justified, the moving party must establish: (1) a strong showing of likelihood of success on the merits, (2) irreparable harm absent a stay, (3) that issuance of the stay will not substantially injure the other parties to the proceeding, and (4) that a stay is in the public interest. See e.g. Republic of Phillippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991). In the Court's view, the Bankruptcy Court correctly concluded that the Sublicense

Agreement was not a personal services contract and was freely assignable as an exclusive license that places no restriction on assignments. The Bankruptcy Court's reliance on In re Golden Books, 269 B.R. 311 (D. Del. 2001), and In re Rooster, Inc., 100 B.R. 228 (Bankr. E.D. Pa. 1989) was not misplaced, and the cases cited by Regal Ware involve non-exclusive licenses or particular circumstances that are different from the circumstances here. Therefore, the Court concludes that Regal Ware has not demonstrated a substantial likelihood of success on the merits of its appeal.

In addition, the Court agrees with the Bankruptcy Court's determination that Regal Ware has failed to establish irreparable harm. As the Bankruptcy Court correctly noted, the fact that Regal Ware's appeal could be rendered moot by the closing of the sale does not in and of itself constitute irreparable harm. See, e.g. In re Trans World Airlines, Inc., 2001 WL 1820325, *10 (Bankr. D. Del. 2001). Further, the trademarks were already being used under the Trademark Sublicense Agreement by Mirro Operating Company ("Mirro"), a competitor of Regal Ware, and Regal Ware has not shown that SEB, who is also a competitor of Regal Ware, would use the trademarks any differently than Mirro.

In contrast to the lack of non-speculative irreparable harm to Regal Ware, the Court finds that the Debtors will certainly be harmed if the Court were to stay the Sale Order. Under the

3

provisions of the Asset Purchase Agreement governing the sale, the Debtors will clearly lose $2 million, if Regal Ware obtains a stay of the Bankruptcy Court's Sale Order. Further, the public interest favors the finality of sales in bankruptcy proceedings, and Regal Ware has not demonstrated that a countervailing public policy interest favors a stay in these circumstances.

In sum, the Court concludes that Regal Ware has not demonstrated that a stay pending appeal is warranted in the circumstances of this case, and the Bankruptcy Court correctly denied Regal Ware's request for a stay. Accordingly, the Court concludes that Regal Ware's Motions are mooted by the closing of the sale between the Debtors and SEB. In the alternative, the Court will deny on the merits Regal Ware's Stay Motion and related request for an emergency hearing.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Emergency Motion Of Regal Ware, Inc. For Stay Pending Appeal Of Order Approving Motion Of The Debtors For An Order (1) Approving Sale By The WearEver Debtors Of Substantially All Of The WearEver Debtors Operating Assets Free And Clear Of All Liens, Claims, Encumbrances And Other Interests Pursuant To Sections 363(b), (f), and (m) Of The Bankruptcy Code, (II) Assuming And Assigning Certain Executory Contracts And Unexpired Leases, And (III) Granting Related Relief (D.I. 1) is **DENIED** as moot, or in the alternative, **DENIED** on the merits for failing to

establish the criteria needed to justify a stay pending appeal.

    2.    Regal Ware, Inc.'s Emergency Motion For Hearing is **DENIED** as moot, or in the alternative, **DENIED** on the merits.

_August 17, 2006_  /s/ Joseph J. Farnan
Date                                      UNITED STATES DISTRICT JUDGE